1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

EFREM STUTSON,

CASE NO. 1:07-cv-00912-AWI-NEW (DLB) PC

10

Plaintiff,

FINDINGS AND RECOMMENDATIONS
RECOMMENDING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTIVE RELIEF
BE DENIED

11

v.

12

ALLEN SCRIBNER, et al.,

(Doc. 8)

13

Defendants.

OBJECTIONS DUE WITHIN THIRTY DAYS

14

_____/

15

16

    Plaintiff Efrem Stutson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 6, 2007, plaintiff filed a motion seeking a preliminary injunction mandating that he be provided with emergency medical treatment at an outside facility for the head injury he allegedly sustained in 2005 at the hands of the defendants named in this action.

17

18

19

20

    The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the

21

22

23

24

25

26

27

28

1

1    plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must

2    demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

3    Id.

4         "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

5    requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

6    City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

7    Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "Abstract injury is not enough."

8    Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is

9    immediately in danger of sustaining some direct injury as the result of the challenged official conduct

10   and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

11   Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to

12   suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).  When a government

13   agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal

14   affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.

15   362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations

16   are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128.  "[A]ny

17   injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of

18   proceeding.'"  Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679

19   (1974)).

20        In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

21   which provides in relevant part, "Prospective relief in any civil action with respect to prison

22   conditions shall extend no further than necessary to correct the violation of the Federal right of a

23   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

24   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

25   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

26   the Federal right."  18 U.S.C. § 3626(a)(1)(A).

27   ///

28   ///

1    The excessive force claims at issue in this action accrued on June 23, 2005, when plaintiff

2 was allegedly beaten by guards at California State Prison-Corcoran.[1] Plaintiff is now housed at High

3 Desert State Prison.

4    Assuming plaintiff's claims are cognizable against one or more of the named defendants,

5 there is an actual case or controversy before this court with respect to plaintiff's claim for money

6 damages arising out of defendants' alleged past acts of beating plaintiff at CSP-Corcoran.  However,

7 equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot

8 be met where there is no showing of any real or immediate threat that the plaintiff will be wronged

9 again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting

10 O'Shea, 414 U.S. at 502, 94 S.Ct. at 679).  In this instance, it is the past conduct of defendants at a

11 different prison which give rise to plaintiff's claims for relief, and should plaintiff prevail, plaintiff's

12 injury will not go unrecompensed because plaintiff has an adequate remedy at law.  Id.  Plaintiff is

13 not entitled to equitable relief in this action for defendants' past conduct because there has been no

14 showing that plaintiff will be wronged again by defendants.  In the event that plaintiff has serious

15 medical needs which are not being provided for at High Desert State Prison, plaintiff may, if he

16 chooses, attempt to seek relief by initiating suit in the Sacramento Division of the Eastern District.

17 However, this action provides no basis upon which to grant plaintiff any equitable relief concerning

18 his current medical condition and medical treatment at High Desert State Prison.

19    Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for

20 preliminary injunctive relief, filed August 6, 2007, be DENIED.

21    These Findings and Recommendations will be submitted to the United States District Judge

22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

23 **days** after being served with these Findings and Recommendations, plaintiff may file written

24 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

26

27        [1] Although the court has not yet screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and made a
determination on the cognizability of plaintiff's claims, the court has reviewed the allegations in the complaint for
28 the purpose of the issuance of this Findings and Recommendations.

3

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


      IT IS SO ORDERED.

      **Dated:**   <u>**August 20, 2007**</u>            <u>      **/s/ Dennis L. Beck**      </u>
                                           UNITED STATES MAGISTRATE JUDGE