# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON, | CASE NO. 1:07-cv-00912-AWI-NEW (DLB) PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| ALLEN SCRIBNER, et al., | (Docs. 8 and 12) |
| Defendants. | |

Plaintiff Efrem Stutson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 22, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on September 24, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. For the reasons explained by the Magistrate Judge, the Court does not have jurisdiction in this action to grant the relief sought by plaintiff in his motion. City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). While the court may issue an injunction if it has personal jurisdiction over the parties and subject

matter jurisdiction over the claim; the court may not attempt to determine the rights of persons not before the court. <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). This action concerns Defendants' alleged excessive force against Plaintiff. Yet, the motion for injunctive relief requests medical treatment. To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). Because Plaintiff's medical care is not at issue in this action, the court cannot enter an order granting injunctive relief to force non-parties to provide Plaintiff with future medical care.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 22, 2007, is adopted in full; and
2. Plaintiff's motion for preliminary injunctive relief, filed August 6, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:   October 2, 2007**           /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE