# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLEN SCRIBNER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-00912-AWI-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANTS MARTINEZ, NORTHCUFF, AND CANTU FOR EXCESSIVE FORCE<br><br>(Doc. 1)<br><br>AMENDED COMPLAINT OR NOTICE OF WILLINGNESS TO PROCEED DUE WITHIN THIRTY DAYS |

I.    <u>Screening of Plaintiff's Complaint</u>

Plaintiff Efrem Stutson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 25, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Plaintiff's Excessive Force Claim

Plaintiff is currently housed at High Desert State Prison. The event at issue in this action allegedly occurred at California State Prison-Corcoran. Plaintiff names Warden Allen Scribner, Sergeant F. Martinez, and Correctional Officers Northcuff, Sanchez, Cantu, and Landry as defendants. The claim in this action arises from an incident of alleged excessive force, in violation of the Eighth Amendment.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's alleges that after an incident in which he and his new cellmate exchanged blows, four cans of pepper spray were emptied into their cell, and plaintiff was kicked and hit by staff. Plaintiff alleges that at the time, he and his cellmate were no longer fighting, and were compliant and non-resistant. Plaintiff alleges that defendant Martinez participated in the pepper spraying the cell and stood by while subordinate officers beat plaintiff. Plaintiff alleges that defendants Northcuff and Cantu were involved in beating him. Plaintiff alleges that he sustained serious injuries in the incident, including fractures to his jaw and cheekbone and damage to his left eye.

These allegations are sufficient to state a claim for relief under section 1983 against defendants Martinez, Northcuff, and Cantu. However, plaintiff has not alleged any facts linking defendants Scribner, Sanchez, and Landry to a violation of his rights. Defendant Scribner is not liable for the incident of excessive force based simply on his position as warden of the prison, and there are no facts demonstrating that he was personally involved in the incident or knew about it and failed to take action to prevent it. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). Defendant Sanchez was involved in moving plaintiff to the new cell in which the fight with his cellmate occurred and defendant Landry was the in the control booth operating the cell door. There are no facts alleged supporting a claim that either defendant acted or failed to act in a manner which

1 violated plaintiff's federal rights. For these reasons, plaintiff fails to state a claim against Scribner, Sanchez, or Landry.

### III.  Conclusion and Order

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendants Martinez, Northcuff, and Cantu for use of excessive force, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendants Scribner, Sanchez, and Landry. The court will provide plaintiff the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Martinez, Northcuff, and Cantu for use of excessive force, plaintiff may so notify the court in writing, and the court will issue a Findings and Recommendations recommending that defendants Scribner, Sanchez, and Landry be dismissed from this action, and will forward plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to file an amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Martinez, Northcuff, and Cantu for use of excessive force claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:** **March 14, 2008**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE