# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON,<br><br>          Plaintiff,<br><br>     v.<br><br>ALLEN SCRIBNER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-00912-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL CLAIMS AGAINST DEFENDANTS SCRIBNER, SANCHEZ, AND LANDRY<br><br>(Doc. 1) |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff Efrem Stutson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 25, 2007.

On March 17, 2008, the Court issued an order finding that Plaintiff's complaint stated a cognizable claim for relief under section 1983 against Defendants Martinez, Northcuff, and Cantu for use of excessive force, in violation of the Eighth Amendment, but did not state a claim under section 1983 against Defendants Scribner, Sanchez, and Landry. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable by the Court. On March 31, 2008, Plaintiff filed a notice stating that he was willing to proceed only against Defendants Martinez, Northcuff, and Cantu and did not wish to file an amended complaint. Based on Plaintiff's notice, this Findings and Recommendations now issues.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Excessive Force Claim**

Plaintiff is currently housed at High Desert State Prison. The event at issue in this action allegedly occurred at California State Prison-Corcoran. Plaintiff names Warden Allen Scribner, Sergeant F. Martinez, and Correctional Officers Northcuff, Sanchez, Cantu, and Landry as defendants. The claim in this action arises from an incident of alleged excessive force, in violation of the Eighth Amendment.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

Plaintiff's alleges that after an incident in which he and his new cellmate exchanged blows, four cans of pepper spray were emptied into their cell, and Plaintiff was kicked and hit by staff.  Plaintiff alleges that at the time, he and his cellmate were no longer fighting, and were compliant and non-resistant.  Plaintiff alleges that Defendant Martinez participated in the pepper spraying of the cell and stood by while subordinate officers beat Plaintiff.  Plaintiff alleges that Defendants Northcuff and Cantu were involved in beating him.  Plaintiff alleges that he sustained serious injuries in the incident, including fractures to his jaw and cheekbone and damage to his left eye.

These allegations are sufficient to state a claim for relief under section 1983 against Defendants Martinez, Northcuff, and Cantu.  However, Plaintiff has not alleged any facts linking Defendants Scribner, Sanchez, and Landry to a violation of his rights.  Defendant Scribner is not

liable for the incident of excessive force based simply on his position as warden of the prison, and there are no facts demonstrating that he was personally involved in the incident or knew about it and failed to take action to prevent it. Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). Defendant Sanchez was involved in moving Plaintiff to the new cell in which the fight with his cellmate occurred and Defendant Landry was in the control booth operating the cell door. There are no facts alleged supporting a claim that either defendant acted or failed to act in a manner which violated Plaintiff's federal rights. For these reasons, Plaintiff fails to state a claim against Scribner, Sanchez, or Landry.

### III.     Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for relief under section 1983 against Defendants Martinez, Northcuff, and Cantu for use of excessive force, in violation of the Eighth Amendment. However, Plaintiff's complaint does not state a claim under section 1983 against Defendants Scribner, Sanchez, and Landry. The Court provided Plaintiff the opportunity to file an amended complaint, but Plaintiff has opted to proceed only against Defendants Martinez, Northcuff, and Cantu. Accordingly, it is HEREBY RECOMMENDED that:

1.    This action proceed on Plaintiff's complaint, filed June 25, 2007, against Defendants Martinez, Northcuff, and Cantu for use of excessive force claim; and

2.    Defendants Scribner, Sanchez, and Landry be dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 2, 2008**              _____/s/ Gary S. Austin_____
                                        UNITED STATES MAGISTRATE JUDGE