# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON,<br><br>              Plaintiff,<br><br>     v.<br><br>ALLEN SCRIBNER, et al.,<br><br>              Defendants.<br>                                                          / | CASE NO. 1:07-cv-00912-AWI-GSA PC<br><br>**SECOND ORDER DIRECTING UNITED STATES MARSHAL TO INITIATE SERVICE OF PROCESS ON DEFENDANT NORTHCUFF BY CONTACTING THE LEGAL AFFAIRS DIVISION OF CDCR** |

   This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Efrem Stutson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis.  The United States Marshal was directed to initiate service of process on three defendants by order filed May 2, 2008.  Two of the three defendants waived service.  However, service was returned un-executed as to Defendant Northcuff.

   The Court and the Marshal have a statutory duty to serve process on Plaintiff's behalf, and based on information on the returned USM-285 form, the Court is unable to discharge this duty on the ground that Defendant cannot be identified or located.  28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2).  The Marshal shall initiate service on Defendant for the second time.  Since the Litigation Coordinator at CSP-Corcoran provided no information beyond notification that Northcuff was not employed at that facility, the Marshal shall contact the Legal Affairs Division and request the assistance of a special investigator in effecting service on Defendant Northcuff.

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued summons for Defendant;

    (2) One completed USM-285 form for Defendant;

    (3) One copy of the complaint filed on June 25, 2007 for Defendant, plus an extra copy for the Marshal;

    (4) One copy of this order for Defendant, plus an extra copy for the Marshal; and

    (5) One copy of the Court's consent form for Defendant to be served;

3. Within ten days from the date of this order, the Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **C/O NORTHCUFF**

4. The Marshal shall file returned the waiver of service, or the request for waiver of service if it is returned as undelivered, as soon as it is received.

5. **In attempting to obtain a waiver of service, or personally serve Defendant if necessary, the Marshal shall contact CDCR's Legal Affairs Division in Sacramento and request the assistance of a special investigator.**

6. If a waiver of service is not returned by Defendant within sixty days of the date of mailing the request for waiver, the Marshal shall:

    a. Personally serve process and a copy of this order upon Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections and Rehabilitation to execute this order. The Marshal shall maintain the confidentiality of all information provided by the CDCR pursuant to this order.

///

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that Defendant makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the Marshal need not personally serve Defendant.

8. In the event that Defendant either waives service or is personally served, Defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated: **July 8, 2008**     **/s/ Gary S. Austin**
                 UNITED STATES MAGISTRATE JUDGE