# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON, | CASE NO. 1:07-cv-00912-AWI-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR ORDER REQUIRING DEFENDANTS TO REPLACE TRANSCRIPT |
| v. | |
| ALLEN SCRIBNER, et al., | (Doc. 25) |
| Defendants. | |

Plaintiff Efrem Stutson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed June 25, 2007, against Defendants Martinez, Northcuff, and Cantu for use of excessive force, in violation of the Eighth Amendment. On May 1, 2008, Plaintiff filed a motion seeking an order requiring Defendants to provide Plaintiff with a transcript of the proceedings when he was sentenced. Plaintiff contends that prison officials lost or destroyed his transcript and he needs it for his appeal. In accordance with the Court's general practice, the motion is treated as one seeking a preliminary injunction.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has

1  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
2  attempt to determine the rights of persons not before the court." Zepeda v. United States
3  Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).
4      In this instance, Plaintiff's claim against Defendants arises from an incident of alleged
5  excessive force at California State Prison-Corcoran on June 23, 2005. (Doc. 1.) The Court does not
6  have jurisdiction in this action to issue the order sought by Plaintiff, as the case or controversy
7  requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion
8  bears no relation to the event giving rise to this suit.
9      For the reasons set forth herein, Plaintiff's motion, filed May 1, 2008, is HEREBY DENIED.

11  IT IS SO ORDERED.
12  **Dated:   July 25, 2008**                **/s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE