# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLEN SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00912-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 34)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

### I.　Procedural History

　　Plaintiff Efrem Stutson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of May 27, 2008, this action is proceeding on Plaintiff's complaint, filed June 25, 2007, against Defendants Martinez, Northcuff, and Cantu for use of excessive force in violation of the Eighth Amendment.

　　On August 1, 2008, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Defendants Martinez and Cantu filed a motion seeking dismissal of this action for failure to exhaust. Defendant Northcuff filed a notice of joinder in the motion on September 15, 2008.

///
///
///

1

Plaintiff filed an opposition on October 29, 2008, and Defendants filed a reply on November 12, 2008.[1]

## II. Dismissal for Failure to Exhaust

### A. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 2, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 24.)

the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this available process prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

**B.    Defendants' Motion**

Defendants move for dismissal on the ground that Plaintiff failed to exhaust the available administrative remedies in compliance with section 1997e(a). In support of their motion, Defendants submit evidence that between the date of the incident of force at issue in this action, June 23, 2005, and the date Plaintiff filed suit, he did not file any appeals grieving the incident. (Doc. 34, Motion, Jones Dec., ¶5; Dangler Dec., ¶5; Grannis Dec., ¶¶4, 5.) If uncontroverted, this evidence is sufficient to entitle Defendants to dismissal.

In opposition, Plaintiff argues that he filed two inmate appeals grieving the incident of excessive force against Defendants but neither appeal was received back from the appeals coordinator. (Doc. 38, Opp., p. 3.) Because Plaintiff's opposition is not verified, it may not be treated as a declaration and has no evidentiary value. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006). However, the supporting exhibits demonstrate that on December 20, 2005, Plaintiff filed an inmate appeal grieving the relevant incident of excessive force. (Id., pg. 26.) While the appeal was screened out twice under the applicable regulation as untimely, Plaintiff complained in that appeal that he previously submitted several appeals of the issue but did not receive them back. The December 20, 2005, appeal was rejected three times, on January 30, 2006, February 22, 2006, and December 23, 2006, and Plaintiff subsequently filed suit six months later. (Id., pgs. 21-25.)

This evidence supports Plaintiff's position that he filed several appeals that were not responded to. At least one appeal was allegedly submitted on June 28, 2005, three days after the incident and within the applicable time constraints. Although Defendants argue in their reply that the review of several other appeals by staff belies Plaintiff's claim that he submitted appeals that did

1 not receive review, the Court may not determine the credibility of the parties' opposing positions on a motion to dismiss, and the acceptance and review of some appeals does not mean that appeals are never lost, misplaced, or otherwise not properly routed.

Although the Ninth Circuit has not yet ruled on the issue, Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008), there is authority for the proposition that if Plaintiff submitted a timely inmate appeal in compliance with the governing regulations and his appeal received no response, he has satisfied the exhaustion requirement, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). At this juncture, Plaintiff has submitted evidence that raises a dispute over whether his attempts to exhaust were unsuccessful through no fault of his own, and the Court therefore recommends denial of Defendants' motion to dismiss, without prejudice.

**IV.    Conclusion and Recommendations**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed August 1, 2008, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///
///

4

1  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
2  1153 (9th Cir. 1991).

5      IT IS SO ORDERED.
6      **Dated:**   **December 5, 2008**                /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE