1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| EFREM STUTSON, | CASE NO. 1:07-cv-00912-AWI-GSA PC |
| Plaintiff, | ORDER GRANTING REQUEST AND SETTING DEFENDANTS' MOTION TO |
| v. | DISMISS FOR AN EVIDENTIARY HEARING |
| ALLEN SCRIBNER, et al., | (Docs. 57 and 59) |
| Defendants. | Date:      04/21/2010 |
| | Time:      9:00 a.m. |
| | Courtroom:  10 (GSA) |
| | ORDER VACATING DEFENDANTS' MOTION TO DISMISS FROM COURT'S CALENDAR FOR THIS REPORTING PERIOD |
| | (Doc. 59) |

10

11

12

13

14

15

16

17

18

_____/

19

20

21

22

23

24

25

        Pursuant to the Court's order filed March 12, 2009, Defendants filed a renewed motion to dismiss for failure to exhaust and requested an evidentiary hearing due to the existence of factual disputes and witness credibility issues.  Pavey v. Conley, 544 F.3d 739, 740-42 (7th Cir. 2008); Bryant v. Rich, 530 F.3d 1368, 1373-77 (11th Cir. 2008).  (Docs. 49, 57, 59.)  Following the filing of the reply on January 4, 2010, this matter is ready to be placed on the Court's hearings calendar.  A writ directing that Plaintiff be transported for the hearing will be issued closer to the hearing date of April 21, 2010.

26

27

28

        If Plaintiff wishes to seek the attendance of any incarcerated witnesses to testify on his behalf during the hearing, he must file a motion within thirty days.  The witness must be able to testify to

1   information that is relevant to Plaintiff's contention that he followed the proper prison procedures

2   and attempted to timely file an inmate appeal to exhaust his claim.  This means the witness saw or

3   heard something relevant, or has relevant information regarding the prison's procedure for

4   submitting appeals, etc.  Plaintiff must provide the name and CDCR number for each witness, and

5   must set forth what relevant information each proposed witness possesses.

6          Plaintiff may also seek the attendance of unincarcerated witnesses such as correctional

7   officers.  However, unincarcerated witnesses must be paid a daily witness fee of $40.00 and must

8   be reimbursed for roundtrip mileage.  28 U.S.C. § 1821.  There is no fund available to pay these fees

9   on Plaintiff's behalf.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989).

10  Therefore, the Court will direct the United States Marshal to serve unincarcerated witnesses with

11  subpoenas to appear at the hearing only if Plaintiff submits a money order, for each witness sought,

12  made payable to the witness for $40.00 plus mileage.  Plaintiff must notify the Court within **thirty**

13  **days** if he has the funds to subpoena unincarceated witnesses and if so, what the witnesses' names

14  are and where the witnesses are located.  The Court will calculate the mileage for Plaintiff and notify

15  him of the amount he owes.  Because the Marshal needs adequate time to personally serve the

16  subpoenas, it is very important that Plaintiff comply with the thirty-day deadline to notify the Court

17  of the availability of funds and desire to subpoena unincarcerated witnesses.

18         Plaintiff and Defendants shall submit their proposed witness lists and exhibit lists to the

19  Court on or before March 22, 2010.  Neither side is required to call every witness on their list, but

20  Plaintiff may call or cross-examine any of Defendants' witnesses who are present for the evidentiary

21  hearing.

22         Finally, in light of 28 U.S.C. § 476(a)(1), the Civil Justice Reform Act, Defendants' motion

23  to dismiss is deemed vacated from the Court's calendar for this reporting period in light of the

24  necessity of the evidentiary hearing to resolve the motion.  Neither side need take action on this

25  administrative matter.  The motion will be resolved via a Findings and Recommendations from the

26  undersigned and an Order from the Honorable Anthony W. Ishii following the hearing on April 21,

27  2010.

28  ///

Accordingly, it is HEREBY ORDERED that:

1. An evidentiary hearing is set for April 21, 2010, at 9:00 a.m. before the undersigned in Courtroom 10;

2. Plaintiff's motion for the attendance of incarcerated witnesses, if any, must be filed within **thirty (30) days** from the date of service of this order;

3. Defendants' opposition, if any, must be filed within **twenty-one (21) days** from the date of service of Plaintiff's motion;

4. If Plaintiff wishes to seek the attendance of any unincarcerated witnesses and has the funds to pay the daily witness fee plus mileage, he **must** notify the Court of the names and locations of those witnesses within **thirty (30) days** from the date of service of this order;

5. The parties' proposed witness lists and exhibit lists are due on or before **March 22, 2010**; and

6. Defendants' motion to dismiss, filed June 16, 2009, is deemed VACATED from the Court's calendar for this reporting period, pending completion of the evidentiary hearing.

IT IS SO ORDERED.

Dated:   **January 26, 2010**                          **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE

3