UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREM STUTSON, | 1:07-cv-00912-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| ALLEN SCRIBNER, et al., | (Doc. 59.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Plaintiff, Efrem Stutson ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed June 25, 2007, against defendants Martinez, Northcutt, and Cantu ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

On July 21, 2010, an evidentiary hearing was held before the undersigned, with the following witnesses testifying:  (1) Plaintiff Efrem Stutson; (2) Lieutenant Michael Robicheaux; and (3) Jennifer Jones.

After closing arguments, the matter was taken under submission for written ruling.

---

[1] All other claims and defendants were dismissed from this action by the Court on May 27, 2008. (Doc. 26.)

1

## II.     PROCEDURAL HISTORY

### A.     Defendants' First Unenumerated Rule 12(b) Motion to Dismiss

On August 1, 2008, Defendants filed a motion to dismiss this action for Plaintiff's failure to exhaust administrative remedies.  (Doc. 34.)  Defendants supported this contention by providing declarations from the Appeals Coordinator at California State Prison, Corcoran (CSP-Corcoran) and the Chief of the Inmate Appeals Branch, stating that Plaintiff did not have any appeals accepted for review concerning excessive force used against him on June 23, 2005.  Plaintiff filed an opposition based on his contention that he attempted to comply with the prison grievance process, but his appeals must have been lost or misplaced.  (Doc. 38.)  On December 8, 2008, the undersigned issued a Findings and Recommendations, recommending that Defendants' motion to dismiss be denied. (Doc. 44.)  The recommendation to deny the motion was based on the finding of a disputed issue, whether Plaintiff's attempt to exhaust his administrative remedies were unsuccessful through no fault of his own.  Defendants filed objections to the Findings and Recommendations on December 23, 2008.  (Doc. 45.)  On March 12, 2009, the District Court adopted the Findings and Recommendations and denied Defendants' motion to dismiss with leave to file a request for an evidentiary hearing.  (Doc. 49.)

### B.     Defendants' Renewed Unenumerated Rule 12(b) Motion to Dismiss

On June 16, 2009, Defendants filed a request for an evidentiary hearing.  (Doc. 57.)  On June 19, 2009, Defendants renewed their motion to dismiss for failure to exhaust administrative remedies.  (Doc. 59.)  On December 28, 2009, Plaintiff filed an opposition to the motion, and on January 4, 2010, Defendants filed a reply.  (Doc. 67, 68.)

## III.    LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the

process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

**IV.     ANALYSIS**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2006).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 86 126 S.Ct. at 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

///

///

### A. Arguments

Defendants move for dismissal on the ground that Plaintiff failed to exhaust the available administrative remedies in compliance with § 1997e(a). In support of their motion, Defendants submit evidence that between the date of the incident of excessive force at issue in this action, June 23, 2005, and the date Plaintiff filed suit, June 25, 2007, he did not file any appeals grieving the incident. (Doc. 59, Motion, Jones Dec., ¶5; Dangler Dec., ¶5; Grannis Dec., ¶¶4, 5, and Exhs. A, B, C.) If uncontroverted, this evidence is sufficient to entitle Defendants to dismissal.

In opposition, Plaintiff argues that in June 2005 he filed a timely inmate appeal grieving the incident of excessive force against Defendants but a response was never received back from the appeals coordinator.[2] (Doc. 67, Opp., p. 2-3.) Plaintiff argues that he also submitted a second appeal in December 2005, grieving the excessive force incident at issue. (Id. at 9.) Plaintiff subsequently filed suit six months later. (Id., pgs. 21-25.)

### B. July 21, 2010 Evidentiary Hearing

On July 21, 2010, an evidentiary hearing was held before the undersigned to determine whether Plaintiff had evidence that he made a good-faith attempt to file a timely appeal grieving the excessive force incident of June 23, 2005, which is at issue in Plaintiff's complaint.

The following evidence was presented at the evidentiary hearing:

1. Plaintiff testified that he understood that prison policy required him to file his grievance within fifteen days of the event or occurrence in question. He was familiar with the process of filing inmate grievances in June 2005. On June 26 or 27, 2005, Plaintiff submitted an appeal on form 602 grieving the excessive force incident of June 23, 2005. He never received a response to the appeal. At the same time he filed the first appeal, he filed another appeal grieving the loss of his personal property. In December 2005, Plaintiff filed a second grievance concerning the issues raised in his complaint. This grievance was screened out, however, by the appeals office

///

---

[2] Because Plaintiff's opposition is not verified, it may not be treated as a declaration and has no evidentiary value. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).

at CSP-Corcoran as untimely.  In August 2006, Plaintiff was relocated to another area of the prison and re-submitted the appeal.

       2.      Michael Robicheaux, Correctional Lieutenant at CSP-Corcoran, testified about the process for handling inmate grievances in the unit where Plaintiff was housed.  Inmates personally drop their grievances into a locked box.  This box is checked five days a week by the Third Watch Lieutenant who logs the grievances in on a designated sheet.  Informal responses are to be handled in the building by the appropriate staff member and formal responses are given to the appeals department.  Staff complaints receive formal responses.  An excessive force complaint against staff qualifies as a staff complaint.

       4.      Jennifer Jones, who was an appeals coordinator at CSP-Corcoran at the time of the incidents at issue, testified that between June 2005 and November 2005, CSP-Corcoran received two appeals from Plaintiff.  Neither of these appeals addressed Plaintiff's complaint that officers used excessive force against him on June 23, 2005.  Appeal COR-05-3073 was submitted by Plaintiff on July 18, 2005, grieving a loss of personal property, but there is no record that another appeal, concerning the excessive force incident, was received at the same time.  The date of July 18, 2005, would have been well in excess of the fifteen days an inmate has to file a grievance.   Upon submitting an inmate appeal, an inmate should receive a response to his appeal within 10 working days.  If an inmate is concerned that the appeals department has not received his appeal, he can submit a GA-22 form requesting an interview to determine whether his appeal has been received.  If an appeal has been lost or misplaced, inmates have multiple means by which they can inquire into the status of their appeal.

**V.**      **CONCLUSION AND RECOMMENDATION**

The Court concludes that Defendants have met their burden of raising and proving the absence of exhaustion.  The Court finds that Plaintiff has presented no evidence that he attempted to file a timely grievance regarding the issues raised in his complaint.  Plaintiff's contention that he filed an excessive force staff complaint regarding the events of June 23, 2005, along with a grievance regarding property issues, fails to demonstrate that Plaintiff complied with the exhaustion

5

requirement because Plaintiff's appeal regarding property issues, COR-05-3073, was submitted on July 18, 2005, which would have been beyond the fifteen day time limit for filing an inmate grievance. Moreover, Plaintiff's contention that he filed multiple appeals that were misplaced or lost is unsubstantiated by the evidence before this Court. CSP-Corcoran appears to have a regimented appeals process that accounts for inmate appeals to insure that appeals are not lost or misplaced.

Accordingly, based on the foregoing, the Court RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed June 19, 2009, be GRANTED, and that this action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 4, 2010**                       /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE